IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01172-BNB

MR. AZIZ,

    Plaintiff,

v.

THE CITY OF DENVER CO. MAYOR JOHN HICKENLOOPER, ex rel.,

    Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 4 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff is an inmate at the Denver County Jail in Denver, Colorado. Plaintiff has filed *pro se* a Prisoner Complaint alleging that his rights under the United States Constitution have been violated. The court must construe the complaint liberally because Plaintiff is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an amended complaint.

The court has reviewed the complaint and finds that it is deficient because it is not clear who Plaintiff intends to sue in this action. Plaintiff lists Denver Mayor John Hickenlooper as the only Defendant in the caption of the complaint. However, Plaintiff repeatedly refers in the complaint to plural "Defendants" rather than a singular "Defendant" in describing who allegedly has violated his rights. As a result, it is not clear whether Plaintiff intends to sue any additional Defendants and, if so, who the

additional Defendants are. Therefore, Plaintiff will be ordered to file an amended complaint to clarify whether he is asserting his claims solely against Mayor Hickenlooper or if he is asserting some claim or claims against any other as yet unnamed individuals.

Plaintiff also should clarify in the amended complaint whether he is suing Mayor Hickenlooper in his individual or official capacity. If Plaintiff does intend to sue Mayor Hickenlooper in his individual capacity, Plaintiff must allege specific facts to demonstrate how Mayor Hickenlooper personally participated in the asserted constitutional violations. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Likewise, Plaintiff must allege personal participation against any other Defendants he may name in his amended complaint. Accordingly, it is

ORDERED that Plaintiff file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Plaintiff, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that Plaintiff submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Plaintiff fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED July 14, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01172-BNB

Mr. Simme Abdul Aziz
a/k/a Mr. Daily
Prisoner No. 1476696
Prisoner No. 113190
Denver County Jail
P.O. Box 1108
Denver, CO 80201

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 7/14/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk